IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:22-CR-10014-008 |
| ) | |
| MALAYSIA D. BENJAMIN ) | |

## PRELIMINARY ORDER OF FORFEITURE

On March 8, 2023, a Grand Jury sitting in the Western District of Arkansas returned a Superseding Indictment against the Defendant, MALAYSIA D. BENJAMIN, and others. The Defendant is charged in Counts Twenty-Six, Twenty-Seven, Twenty-Eight, and Twenty-Nine of the Superseding Indictment, which also includes a forfeiture allegation. Most pertinent to this Order, Count Twenty-Six of the Superseding Indictment alleges that the Defendant, along with co-defendant Christopher Walters, a/k/a "Mumley", a/k/a "Unk", knowingly and intentionally possessed a controlled substance, namely, cocaine, a Schedule II controlled substance, with intent to distribute that controlled substance, in violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(l)(C).

In the forfeiture allegation of the Superseding Indictment, the United States seeks forfeiture of any property constituting or derived from any proceeds obtained directly or indirectly as the result of the offenses, and any property used or intended to be used in any manner or part to commit, or facilitate the commission of, the offenses, pursuant to Title 18 U.S.C. § 924(d), Title 28 U.S.C. § 2461(c), and Title 21 U.S.C. § 853, as applicable, including the following property seized from the Defendant on August 10, 2022, in Magnolia, Arkansas (hereinafter collectively the "Property"):

1.  $10,230.99 in United States currency;

2. a Taurus model PT 111 Pro 9mm semi-automatic pistol, bearing serial number TAT72826;

3. a firearm magazine containing unspent cartridges (ammunition); and

4. multiple unspent .45 caliber and .230 caliber cartridges.

On June 12, 2024, the Defendant pleaded guilty to Count Twenty-Six of the Superseding Indictment, charging her with possessing cocaine, a Schedule II controlled substance, with intent to distribute, as described above. Pursuant to the parties' written Plea Agreement, the Defendant has agreed to forfeit any and all right, title, and/or interest she may have to or in the above-described Property.

The Defendant acknowledges that the Property is subject to forfeiture as property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

Pursuant to the Plea Agreement, the Defendant consents to the immediate entry of a Preliminary Order of Forfeiture as to the Property, upon entry of her guilty plea. The Defendant further agrees that upon entry of the Preliminary Order of Forfeiture, such Order will be considered final as to Defendant's interests in the Property. The Defendant agrees to immediately withdraw any claims to property(ies) seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States. The Defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture process(es.) The Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case, including the Property.

Pursuant to the Plea Agreement, the Defendant agrees to consent to the entry of Orders of Forfeiture as to the Property, and waives the requirements of Federal Rules of Criminal Procedure

32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

Also under the Plea Agreement, the Defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with the Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant also agrees that the forfeiture provisions of the Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

Accordingly, it is hereby ORDERED, DECREED AND ADJUDGED:

1. That, based upon the guilty plea of the Defendant, the following assets seized from the Defendant on August 10, 2022, shall be forfeited to the United States:

    i. $10,230.99 in United States currency;

    ii. a Taurus model PT 111 Pro 9mm semi-automatic pistol, bearing serial number TAT72826;

    iii. a firearm magazine containing unspent cartridges (ammunition); and

    iv. multiple unspent .45 caliber and .230 caliber cartridges.

as property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

2. That, pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this Order the United States is authorized to seize any specific property that is subject to forfeiture as set forth herein in this Order and the Plea Agreement, to conduct any discovery the Court considers proper in identifying, locating or disposing of the Property; and to commence proceedings that comply with any statutes governing third-party rights.

3. That, upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. That the United States shall publish notice of this Order pursuant to Fed. R. Crim. P. 32.2(b)(6).

5. That, upon adjudication of any and all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(c), in which all interests will be addressed.

IT IS SO ORDERED this 12th day of June, 2024.

_____
HON. SUSAN O. HICKEY
CHIEF UNITED STATES DISTRICT JUDGE

Reviewed and consented to by:

_____
Malaysia D. Benjamin, Defendant

_____
Cory Floyd, Counsel for Defendant

_____
Graham Jones, Assistant U.S. Attorney